BERNARD R. ARMOUR, respondent,

*v.*

MARTHA S. ARMOUR, appellant.

[Submitted February term, 1948. Decided May 13th, 1948.]

*Messrs. McCarter, English & Studer (Mr. George W. C. McCarter* and *Mr. Meyer Ruback*), for the appellant.

*Mr. Richard J. Fitz Maurice,* for the respondent.

The opinion of the court was delivered by

BODINE, J.

An action was brought by a husband to restrain the further prosecution by his wife of a suit brought by her against him in the New York Supreme Court. The relief sought in the New York action was a legal separation, the custody of the children, and maintenance for her and the children.

The husband is a resident of the State of New Jersey. He was personally served in the New York action.

The proofs show that since the spring of 1944, the wife has been domiciled in and a resident of the State of New York. The husband's bill seeks injunctive relief and prays for answer and the issuance of a *subpœna ad respondendum.* Before the issuance of a subpœna, the husband procured a rule to show cause which was brought to the attention of her New York attorneys by being left at their office.

The learned advisory master held that the wife by appearing specially to vacate the service of the rule to show cause had entered a general appearance in the cause. He then permanently restrained the defendant in accordance with the

prayer of the bill. The advisory master felt that notwithstanding the wife's establishment of a separate independent domicile that he had jurisdiction because of the husband's residence and domicile in this State. We think this is not so. A wife may, in the instances established in this case, acquire a separate domicile. See *Rinaldi* v. *Rinaldi, 94 N. J. Eq. 14.*

Section 29 of the *Restatement of the Conflict of Laws* is as follows:

"Upon the termination of the marriage in any way, or upon judicial separation, the wife can acquire a new domicil; until she does so, she retains the domicil which she had at the time of the termination of the marriage relation."

This court held that the appellant was entitled to separate maintenance. *Armour* v. *Armour, 135 N. J. Eq. 47; 138 N. J. Eq. 145.* There was undisputed residence out of the State with intent to remain at the place of such residence.

The appeal is from the order making a special appearance a general appearance and granting the restraint sought.

We think it implicit in *Pennoyer* v. *Neff, 95 U. S. 714,* that the Chancery process does not extend beyond the boundaries of this State in actions *in personam.* The court leaned heavily upon our recent decision in *Jacobs* v. *Jacobs, 139 N. J. Eq. 559,* but it is clear from that decision that the proceeding was *in rem* and that there had been an answer filed. This is not a proceeding *in rem,* but is a proceeding *in personam.*

Vice-Chancellor Bigelow, in *Elgart* v. *Mintz, 124 N. J. Eq. 133* (at *p. 135*), said: "The granting of an order to show cause why an injunction should not issue, with an interim stay, brings the litigation before the court for a limited purpose only, and is not the institution of the suit. Likewise if a defendant appears on return of the order to show cause, files answering affidavits and argues the meritorious question whether the interlocutory injunction should issue, such appearance has only a limited effect. It merely subjects defendant to the jurisdiction of the court for the purpose of the motion, but not for the purpose of a final decree. A

subpœna to answer must still be issued and served before the court has such jurisdiction over the person of defendant as will support a final adjudication. *Allman* v. *United Brotherhood of Carpenters, &c., 79 N. J. Eq. 150; affirmed, Id. 641; Hermann* v. *Mexican Petroleum Corp., 85 N. J. Eq. 367; Forstmann & Hoffman Co.* v. *United Front Committee, &c., 99 N. J. Eq. 696, 701; Eckel* v. *Shell Eastern Petroleum Products, Inc., 113 N. J. Eq. 498."* We apprehend that this expresses the law of this case.

From an examination of the record, we think it is clear that the decree was final, granting the prayer of the bill and was entered at a time when the court had no jurisdiction over the defendant.

The bill of complaint in this case was filed December 22d, 1947. On that day, the order to show cause was issued. On the 23d of December, true copies were delivered at the office of the defendant's New York attorneys. The subpœna did not issue until the 13th day of January, 1948, and was returned January 17th, 1948, *non est.* However, the restraint is dated January 14th, 1948, one day after the subpœna was issued that had not been served when the hearing was held.

It seems from the decision in *Elgart* v. *Mintz, supra,* that the Court of Chancery was without jurisdiction.

The distinction between this case and the case of *Jacobs* v. *Jacobs, supra,* is that in this case the rule compels the defendant's appearance on the return of the order without affording her an opportunity to combat the complainant's claim to the preliminary injunction. *Allman* v. *United Brotherhood of Carpenters, 79 N. J. Eq. 150.* But in the case of *Jacobs* v. *Jacobs* that course was not followed in that the defendant answered and the proceeding was also *in rem.*

The decree is reversed, with costs.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Bodine, Donges, Heher, Colie, Eastwood, Burling, Wells, Dill, Freund, McLean, Schettino, JJ. 12.