**Joe Melvin GREEN, Appellant,**

v.

**Laura GREEN, Appellee.**

**No. 324.**

Court of Civil Appeals of Texas.

Tyler.

Feb. 8, 1968.

Colley & Lloyd, Paul S. Colley, Henderson, for appellant.

R. E. Peppy Blount, Longview, for appellee.

MOORE, Justice.

This is an appeal from a judgment of the District Court of Rusk County sustaining appellee's plea of privilege to be sued in Harris County, the county of her residence. The only issue on this appeal is whether or not appellee, Laura Green, expressly or impliedly waived her right to assert her plea of privilege.

The material facts are substantially as follows: The parties were formerly husband and wife, and were subsequently divorced by a judgment dated September 21, 1966, in the District Court of Rusk County. Although the judgment is not before us, the transcript, together with the uncontradicted statement in the brief, shows that appellee, Laura Green, was awarded the care, custody and control of the two children of the parties, but appellant, Joe Melvin Green, was granted the right to have the children in his custody six months out of each year, and further provided visitation privileges for each parent while the children were in actual custody of the other. On March 3, 1967, appellant filed suit in the District Court of Rusk County seeking a change of custody, alleging a change of circumstances since the divorce decree. He further alleged that because of the existing circumstances, appellee's visiting privileges should be cancelled, and prayed for temporary custody of the children pending final hearing upon the main suit. The petition was presented to the judge of the District Court of Rusk County on March 24, 1967, and on the same day, the court entered an order, without notice to appellee, suspending and cancelling her visitation privileges, and issued a show cause order requiring appellee to appear before the Court at 9 A. M. on March 31, 1967, to show cause why appellant should not be awarded the temporary custody of the children pending final hearing in the main suit. Appellee was duly served with process in both the main suit and the show cause order on March 25, 1967. On said date, appellee, together with her attorney, duly appeared before the court at the appointed time, but filed no pleadings in the cause. After a discussion between the attorneys and the trial judge, the court entered the following order, to-wit:

"This the 31st day of March, 1967, in the above numbered and entitled cause came on to be considered by the Court Plaintiff's verified Petition as the same relates to Plaintiff's application for temporary custody of the minor children, Angelo Jo Green and Sonya Dee Green, pending final hearing hereof, and came the parties in person and by and through their respective attorneys of record, and made known to the Court that Defendant had just employed counsel within a few hours of the hearing, and that the parties have agreed to continue the hearing on Plaintiff's said application for temporary custody until a later date to be agreed upon by the parties at the convenience of the Court; and that the care, custody and control of said minor children shall be awarded to the Plaintiff, Joe Melvin Green pending such hearing, without prejudice however, to Defendant and her rights herein, but that pending further hearing herein no visitation rights and privileges are to be allowed the Defendant;

"It is accordingly therefore, ORDERED, ADJUDGED AND DECREED BY

THE COURT, that the hearing on Plaintiff's said application for temporary custody of said minor children is hereby continued, subject to being re-set by agreement of the parties at the convenience of the Court; and it is further ORDERED that the care, custody and control of the minor children, Angelo Jo Green, and Sonya Dee Green is awarded to Joe Melvin Green without visitation rights and privileges on Defendant's part, but without prejudice to the rights of the Defendant herein, pending further hearing hereof."

Thereafter, on April 26, 1967, appellee filed her plea of privilege, seeking to have the cause transferred to Harris County, the county of her residence. Subject to her plea of privilege, she filed an answer denying the allegations of the appellant's petition. The appellee's plea of privilege was duly controverted by the appellant. After a hearing on May 18, 1967, the court sustained the appellee's plea of privilege and ordered that the cause be transferred to the District Court of Harris County.

Appellant duly perfected his appeal from the judgment and contends by a single point of error that the trial court erred in sustaining the plea of privilege because appellee waived her right to assert her plea. Appellant contends that appellee, by her acts and conduct, waived her right to file and urge her plea of privilege because (1) she invoked the jurisdiction of the court by requesting and securing a continuance, prior to the time she filed her plea, and (2) because she submitted the jurisdiction of the court by agreeing to allow the court to enter an order awarding appellant temporary custody pendente lite. We are not in accord with such contention.

■ It has long been the law of Texas that any party to a suit may expressly or impliedly waive rights conferred upon him by a venue statute. The matter of venue is a personal privilege which may be waived. McDonald, Texas Civil Practice, Vol. 1, Sec. 440; Texas & P. Ry. Co. v. Wood,

145 Tex. 534, 199 S.W.2d 652; Mooney Aircraft, Inc. v. Adams (Tex.Civ.App.), 377 S.W.2d 123.

■ In Section 4.40, McDonald, Texas Civil Practice, Vol. 1, page 566, it is stated that: "Either party may waive rights conferred by a venue, as distinguished from a jurisdictional, statute. An express waiver normally will be by overt acts evidencing such an intent. An implied waiver occurs when a party—often inadvertently—takes some action inconsistent with his position upon the venue issue and is held thereby to waive his venue rights."

But this rule applies only when the judicial power is invoked on a matter and in a manner which negatives a continuing intent to insist upon the plea. Hence, acts which do not invoke the court's power do not waive the plea. McDonald, Texas Civil Practice, Vol. 1, Sec. 4.40 p. 573.

In 6 C.J.S. Appearances § 14b, page 44, it is stated:

"  *   *   *  an appearance, required by the terms of an order to show cause, to contest an interlocutory motion is an appearance to the motion only and is not a general appearance subjecting defendant to the court's jurisdiction generally. *   *   *"

■ The use of a show cause order is usually effective only to the extent that it requires the defendant, if he so desires, to contest the necessity of the *ad interim* order, without the necessity of having to appear generally or answer. It does not have the effect insofar as the *res* or the issues in the main case are concerned of compelling him to answer or voluntarily putting himself in court. Likewise, if a defendant appears on return of the order to show cause, answers and argues the merits of the interlocutory order, such appearance has only a limited effect and is not such as to invoke the general jurisdiction of the court in the main suit. Gibson v. State (Tex.Civ.App.), 288 S.W.2d 577; Armour v. Armour, 142 N.J.Eq. 337,

59 A.2d 410; Henderson v. Henderson, 10 N.J. 390, 91 A.2d 747.

 Venue relates to a trial upon its merits, and not merely to interlocutory orders that have no relation to an issue of law or fact, going to the merits of the case. Powell v. Goldsmith (Tex.Civ.App.), 164 S.W.2d 45; McKinney v. Texas Life Ins. Co. (Tex.Civ.App.), 143 S.W.2d 789, 790; Thacher Medicine Co. v. Trammell (Tex.Civ.App.), 279 S.W. 307; City of Fort Worth v. Fort Worth Acid Works (Tex.Com.App.), 259 S.W. 919. For this reason, the conduct of the appellee in appearing before the court and agreeing for continuance and further agreeing for the court to continue the previous order into effect was not such as to invoke the general jurisdiction of the court in the main suit and thereby establish, as a matter of law, that appellee waived her plea of privilege.

 While special appearances are not recognized in this state, except for the purpose of contesting the jurisdiction of the court as provided for in Rule 120a, Texas Rules of Civil Procedure, we think a defendant may still appear for the purpose of contesting the necessity of an ad interim order and in so doing does not submit himself to the general jurisdiction of the court for the purpose of litigating the issues upon which the decision of the final judgment must rest. National Bankers Life Insurance Company v. Adler (Tex.Civ.App.) 324 S.W.2d 35; Henderson v. Henderson, supra.

 The appellant commenced the proceeding by asking for a preliminary hearing on his motion for an ad interim order. The hearing was forced upon appellee by the appellant. Appellee's participation in a preliminary hearing from which she could not escape would not, in our opinion, amount to a waiver of her plea of privilege. National Bankers Life Insurance Company v. Adler, supra.

The judgment of the trial court is accordingly affirmed.