R. W. CALLOWAY, Appellant,

v.

Marlyn CALLOWAY, Appellee.

No. 4321.

Court of Civil Appeals of Texas.

Eastland.

May 30, 1969.

Rehearing Denied July 11, 1969.

Carter, Gallagher, Jones & Magee, R. G. Carter, Eugene L. Smith, Dallas, for appellant.

Strasburger, Price, Kelton, Martin & Unis, Arlen Dean Bynum, Patrick F. McGowan, Dallas, Sanders, Miller & Baker, Oth Miller, Amarillo, for appellee.

COLLINGS, Justice.

R. W. Calloway brought this suit in Dallas County on August 19, 1968 against Marlyn Calloway seeking permanent custody of two minor children whose custody had previously, on November 12, 1965, in a divorce proceeding between the parties, been granted to the defendant. Plaintiff, in his original petition also requested the court to immediately issue an order without notice to defendant and without hearing placing temporary custody of such children with the plaintiff. On the same day that suit was filed the ex parte order was entered as requested.

Thereafter the defendant Marlyn Calloway filed a plea of privilege to be sued in Randall County the place of her residence. Plaintiff duly filed a controverting affidavit and a hearing was held on November 7, 1968. By letter of December 11, 1968 the judge informed the parties of his intention to sustain the plea of privilege. After further correspondence between Judge Lewis F. Russell, and the attorneys in the case the order of the court sustaining the plea of privilege was signed and entered on January 2, 1969. R. W. Calloway has appealed.

It is a well settled rule, as agreed by the parties, that the venue of an independent action for change of custody of minor children lies in the county of residence of the person having legal custody. Lakey v. McCarroll, 134 Tex. 191, 134 S. W.2d 1016 (1940); Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601 (1941).

We cannot agree with the contention in appellant's first point that at the time of the presentation and disposition of the plea of privilege by the court, he, appellant, was the legal custodian of the children by reason of the temporary custody order of August 19, 1968; that venue of the case was in Dallas County the place of his residence, and that the court therefore erred in sustaining Mrs. Calloway's plea of privilege. The legal custody of the children at all times material hereto was in appellee Mrs. Calloway by virtue of the provisions of the divorce decree of November 12, 1965. Appellee by reason of the fact that she had legal custody of the children had the right to be sued in the county of her residence in any suit seeking to change

her right to such permanent custody. The order of the court dated August 19, 1968, was a temporary order and did not destroy appellee's legal right to permanent custody. Houseman v. Mahin, 390 S.W.2d 732 (Tex.Sup.Ct.1965). Venue of the suit was therefore in the county of appellee's residence.

In appellant's second point it is contended that Mrs. Calloway has waived her plea of privilege and that the court therefore erred in sustaining the same. The basis of appellant's contention of waiver is the fact that after the trial judge had informed the attorneys of his intention to sustain the plea of privilege Mrs. Calloway's attorney wrote a letter to the judge requesting that he "give consideration to dissolving" the ex parte order of August 19, 1968 which granted appellant temporary custody of the children. The letter in question contained the following language:

"You recently sustained the Defendant's Plea of Privilege in this case moving the case to Randall County, Texas, and the plaintiff gave notice of appeal. As I understand the law, the jurisdiction of your court will terminate upon the expiration of ten days from the date of entry of your order sustaining the Plea of Privilege; therefore, I respectfully request that you give consideration to dissolving the Order entered on August 19, 1968. An appeal on the Plea of Privilege will take several months while the defendant is subjected to irreparable damage by being denied the custody of her children during this time."

This suit involves the right to permanent custody of the children of the parties. Permanent custody was by a prior judgment vested in appellee. The order of the court granting appellant herein temporary custody on the same day that he filed his original petition for a change of permanent custody was interlocutory and an ad interim order. It is held that venue relates to a trial upon the merits and not to temporary and preliminary orders which do not invoke the court's general jurisdiction in the main suit. Pugh v. Borst, 237 S.W.2d 1021 (Tex.Civ.App., 1951, no writ history). Appellee's request for the court to give consideration to the matter of dissolving the ex parte temporary custody order did not invoke the court's general jurisdiction in the main suit. The request was not inconsistent with appellee's claim to venue in the county of her residence. The request was not a waiver of her venue rights. Green v. Green, 424 S.W.2d 479, (Tex.Civ.App., 1968, no writ history). Appellant's second point is overruled.

The judgment is affirmed.