Nancy E. Loise GREENE, Relator,

v.

Hon. Fred M. BARKER and Hon. James O. Mullin, Respondents.

No. 2-90-302-CV.

Court of Appeals of Texas, Fort Worth.

Feb. 27, 1991.

Rehearing Overruled May 14, 1991.

Staples, Foster & Hampton and Kenneth C. Curry, Hurst, for appellant.

Jordan & O'Shaughnessy, and Timothy J. O'Shaughnessy, Weatherford, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION ON APPLICATION FOR WRIT OF MANDAMUS

FARRIS, Justice.

Nancy Greene seeks an order mandating the transfer of a suit affecting the parent-child relationship (SAPCR) from Parker County where the district court has continuing jurisdiction of the suit to Tarrant County where Greene and the child have resided for more than six months. Joe Allen Greene, real party in interest, controverted his former wife's motion to transfer only by challenging the timeliness with which her motion was made. *See* TEX. FAM.CODE ANN. sec. 11.06(f) (Vernon 1986). The trial court, ruling in favor of Joe Greene, overruled the motion for transfer. We hold the motion was timely made and tentatively grant the relief sought.

The Greenes are divorced; Nancy Greene is the managing conservator and Joe Greene the possessory conservator of their child. Joe Greene filed a SAPCR seeking to be appointed managing conservator and asking for temporary restraining orders and temporary injunctions. The 43rd District Court, Parker County, issued a restraining order and set the hearing on the motion for temporary injunctions for October 12, 1990. Nancy Greene was served with notice of the October 12 hearing on October 5. The previous day, October 4, Nancy Greene applied for writ of habeas corpus to compel the return of the child under the conservatorship provisions of the decree of divorce. A combined hearing on both actions was held on October 17 and 18. Nancy Greene filed her motion to transfer on October 24, 1990.

■ The issue before us turns upon an application of 11.06(f):

A motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. A motion to transfer by any other party is timely if it is made on or before the Monday next after the expiration of 20 days after the date of service of citation or notice of the action or before the commencement of the hearing, whichever is sooner.

TEX.FAM.CODE ANN. sec. 11.06(f) (Vernon 1986).

Joe Greene contends the motion to transfer was not timely because it should have been made when Nancy Greene applied for writ of habeas corpus. We reject this argument because section 11.06 applies only to SAPCR actions brought under chapter 11 of the Family Code and not to an application for habeas corpus under section 14.-10. *See Garza v. Schilling*, 576 S.W.2d 147 (Tex.Civ.App.—Corpus Christi 1978, no writ).

■ Additionally, Joe Greene contends the motion was not timely made because it was filed after the October 17 & 18 hearing on his motions for temporary relief sought in connection with his SAPCR action. Nancy Greene argues that section 11.06(f) refers to the final hearing rather than any temporary hearing and her motion was timely because it was made before the Monday next after 20 days after she was served. In the past, courts have held venue relates to trial on the merits; contesting a motion for temporary relief without first challenging venue is not a waiver of that issue. *See Perkola v. Koelling & Assoc., Inc.*, 601 S.W.2d 110, 112 (Tex.Civ.App.—Dallas 1980, writ dism'd); *Box v. Fleming*, 484 S.W.2d 617, 619 (Tex.Civ.App.—Eastland 1972, no writ); *Calloway v. Calloway*, 442 S.W.2d 926, 928 (Tex.Civ.App.—Eastland 1969, no writ); *Green v. Green*, 424 S.W.2d 479, 482 (Tex.Civ.App.—Tyler 1968, no writ). Although none of these cases involved section 11.06, we can see no reason why this statute should be an exception to the general venue rule and therefore, we sustain Nancy Greene's argument.

It is expected the trial court will transfer the conservatorship action according to this

opinion; the writ of mandamus will issue only if the court does not.