**In re Tara COMPTON, Relator.**

No. 14–05–00450–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 24, 2006.

Sallee S. Smyth, Bill De La Garza, Houston, for relator.

Gregory B. Enos, Webster, for respondent.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

Relator, Tara Compton, seeks an order compelling the respondent, the Honorable Janis Yarbrough, Judge of the 306th District Court of Galveston County (the "Galveston court"), to transfer a suit affecting the parent-child relationship ("SAPCR") from Galveston County to Harris County.

We conditionally grant the petition for writ of mandamus.

## Background

In May of 2004, Compton and the real party in interest, Greg Russell, an unmarried couple, entered into an agreement for conservatorship of their child, P.R., which was approved and incorporated into a final order by the Galveston court. Pursuant to that agreement and order, Compton and Russell were designated joint managing conservators with Compton having the exclusive right to establish the residence of the child. Compton and P.R. thereafter moved to Harris County.

On February 4, 2005, Russell filed a SAPCR (the "modification proceeding") in the Galveston court, seeking to modify custody and obtain an emergency temporary restraining order ("TRO"), and temporary injunction. On February 5, 2005, a TRO was issued, and Compton was served with notice to appear at a show cause hearing. On February 10, Compton and her counsel appeared at the show cause hearing before an associate judge. However, the hearing was concluded on February 15, and the associate judge awarded temporary custody to Russell on February 16.

In the interim, on February 11, Compton filed a motion ("the motion") to transfer the suit to Harris County on the ground that P.R. had lived in Harris County for the preceding six months. Following a hearing on the motion, respondent issued an order denying the transfer.

## Standard of Review

■ An erroneous denial of a mandatory venue transfer is subject to manda-

mus relief without a showing of inadequate remedy by appeal. *In re Tex. Ass'n of Sch. Bds., Inc.,* 169 S.W.3d 653, 656 (Tex. 2005).[1] With other exceptions not applicable to this case, a SAPCR must be filed in the county where the child resides unless another court has continuing exclusive jurisdiction. TEX. FAM.CODE ANN. § 103.001(a)(1) (Vernon 2002). A court acquires such continuing, exclusive jurisdiction by rendition of a final order. *Id.* § 155.001 (Vernon 2002). If an action to modify or enforce an order is filed with the court having continuing, exclusive jurisdiction of a suit, then on the *timely* motion of a party, the court shall transfer the proceeding to the county in which the child has resided for six months or longer. *Id.* § 155.201(b) (Vernon Supp.2005) (emphasis added). Such a transfer is a mandatory ministerial duty. *Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex.1987).

## Timeliness of Motion

■ It is undisputed in this case that: (1) in having rendered the final order in the original custody determination, the Galveston court had continuing, exclusive jurisdiction with regard to P.R. when this modification proceeding was filed; (2) P.R. had resided in Harris County more than six months at that time; and, thus, (3) a transfer to Harris County was mandatory if Compton's motion was timely within the meaning of Section 155.201(b). Such a motion to transfer (by a party other than a petitioner or movant) is timely if made on or before the first Monday after the 20th day after the date of service of citation or

---

1. The denial of a mandatory transfer is not subject to interlocutory appeal. *See* TEX. FAM. CODE ANN. § 155.204(e) (Vernon 2002). Because the motion to transfer in this case was filed before June 18, 2005, it is governed by the version of Section 155.204 in effect before being amended as of that date. *See* Act of June 19, 1999, 76th Leg., R.S., ch. 1390, § 14, 1999 Tex. Gen. Laws 4043, *amended by* Act of June 18, 2005, 79th Leg., R.S., ch. 916, §§ 15, 28, 2005 Tex. Gen. Laws 3153, 3155.

notice of the suit (the "answer date") or before the commencement of the *hearing,* whichever is sooner. TEX. FAM.CODE ANN. § 155.204(a) (Vernon 2002) (emphasis added).[2]

The disposition of this case thus turns on whether "the hearing" for purposes of section 155.204(a) means: (1) as Russell contends, any hearing in the suit, including a hearing on temporary orders, such that the motion was untimely for not being filed before the earlier of the answer date or commencement of the TRO hearing; or, alternatively, (2) as Compton contends, only the final trial on the merits, as contrasted from a hearing on temporary orders or other preliminary matters, such that her motion was timely for being filed before the earlier of the answer date or final hearing on the merits (which had not occurred on the answer date).

■ Our objective in construing a statute is to ascertain and give effect to the Legislature's intent. *Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex.2004). In doing so, we give meaning to the language consistent with other provisions of the statute and considering the objective the law seeks to obtain and the consequences of a particular construction. *Id.* We may also look to the context of the term to determine the Legislature's intended meaning. *Tex. Dep't of Transp. v. Garza,* 70 S.W.3d 802, 806 (Tex. 2002).

Although no Texas case has applied Russell's construction of section 155.204, he cites several examples in Title 5 of the Family Code to show that the Legislature has repeatedly distinguished between the words "hearing" and "trial,"[3] and thus that it intended the term "hearing" to include any hearing in the matter, including a hearing for temporary relief, because it would have employed the term "trial" if it had meant the final trial on the merits.

Conversely, the Legislature's use of the language *"the* hearing" in section 155.204(a) suggests that a single, particular hearing, rather than *any* hearing, was intended, or the Legislature would have used "a" or "any" in place of "the." Moreover, many of the sections Russell references use the term *"a* hearing" (105.001(b), 105.004, 154.181(a)) or "a trial or hearing" (or "a hearing or trial") (107.002(d), 153.0072(e)), neither of which are instructive of the meaning of "the hearing." Another section he cites (154.122) uses "the hearing" to refer to any hearing at which child support is calculated. However, if

2. *See supra* note 1.

3. *See* TEX. FAM.CODE ANN. § 105.001(b) (Vernon Supp.2005) (stating that temporary orders may not be rendered "except after notice and a *hearing"* (emphasis added)); *id.* § 105.004 (stating that, "[a]fter a *hearing,* the court may: (1) grant a motion filed by a party or the attorney or guardian ad litem for the child for a preferential setting for a *trial* on the merits" (emphasis added)); *id.* § 107.002(d) (stating that the "[c]ourt may compel the guardian ad litem to attend a *trial or hearing* and to testify as necessary for the proper disposition of the suit" (emphasis added)); *id.* § 153.0072(e) (Vernon 2002) (stating that "a court that is notified 30 days before *trial* that the parties are using collaborative law procedures to at-

tempt to settle a dispute may not, until a party notifies the court that the collaborative law procedures did not result in a settlement: (1) set a *hearing or trial* in the case" (emphasis added)); *id.* § 154.122 (stating that "[t]he amount of a periodic child support payment established by the child support guidelines in effect in this state at the time of the *hearing* is presumed to be reasonable" (emphasis added)); *id.* § 154.181(b) (Vernon Supp.2005) (stating that, "[b]efore a *hearing* on temporary orders or a final order, if no hearing on temporary orders is held, the court shall ...." (emphasis added)); *id.* § 201.005(b) (Vernon 2002) (stating that "[a] trial on the merits is any final adjudication from which an appeal may be taken to a court of appeals").

anything, this use of the term suggests that "the hearing" is not used to mean any hearing on any subject, but instead only some particular hearing. In addition, even though some contexts may require the terms "hearing" and "trial" to be distinguished, it does not logically follow that all contexts must do so. Thus, for example, section 105.004 expressly uses "hearing" to refer to a trial on the merits:

> After a hearing, the court may: (1) grant a motion filed by a party or the attorney or guardian ad litem for the child for a preferential setting for *a trial on the merits;* and (2) give precedence to *that hearing* over other civil cases if the court finds that the delay created by ordinary scheduling practices will unreasonably affect the best interest of the child.

TEX. FAM.CODE ANN. § 105.004 (Vernon Supp.2005) (emphases added).

In addition, Russell contends that, because at least 45 days notice of trial is required under Texas Rule of Civil Procedure 245, a trial on the merits could never occur before the answer date. *See* TEX.R. CIV. P. 245. Therefore, Russell contends that Compton's interpretation would render the answer date language in section 155.204(a) meaningless. On the contrary, however, Rule 245 requires 45 days notice only for contested cases and, even for

those, allows a shorter period by agreement of the parties.[4] Therefore, depending on the court's docket, the nature and scope of the relief sought, and the preferences of the parties, a matter that is relatively small, simple, or uncontested might well have a hearing on the merits in fewer than the possible 26 or so days from the SAPCR's filing date to its answer date.

Moreover, the only Texas decision on this issue has applied the relevant statutory language in the manner advocated by Compton. *See Greene v. Barker,* 806 S.W.2d 274 (Tex.App.-Fort Worth 1991, orig. proceeding).[5] Although *Greene* interpreted Section 11.06(f), the predecessor to Section 155.204(a), the relevant language of Section 11.06(f) did not change when it was recodified in Section 155.204(a),[6] and it is undisputed that *Greene* is factually on point with this case.

With regard to *Greene,* Russell contends: (1) its holding rests on superseded venue procedures (involving pleas of privilege and interlocutory appeals) and thus on case law that no longer reflects the intent of the Legislature with regard to venue issues in the family law context; (2) those procedures focused on whether the parties were litigating a preliminary matter or issues that invoked the jurisdiction in the main case, such that "venue relate[d] to a trial upon the merits and not to

4. *See* TEX.R. CIV. P. 245 ("The Court may set *contested cases* on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, *or by agreement of the parties* ...." (emphasis added)).

5. *See also Green v. Green,* 424 S.W.2d 479, 481 (Tex.Civ.App.-Tyler 1968, no writ) (holding under general venue principles that mother's appearance at a show cause hearing set by father in change of custody proceeding did not waive her venue challenge).

6. Former Section 11.06(f) read:

A motion to transfer by any other party [than petitioner or movant] is timely if it is made on or before the Monday next after the expiration of 20 days after the date of service of citation or notice of the action or before the commencement of the hearing, whichever is sooner.

Act of June 10, 1981, 67th Leg., R.S., ch. 355, § 1, sec. 11.06(f)-(i), 1981 Tex. Gen. Laws 942, *amended by* Act of April 20, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 155.204, 1995 Tex. Gen. Laws 113, 171 (codified at TEX. FAM.CODE ANN. § 155.204).

temporary and preliminary orders which [did] not invoke the court's general jurisdiction in the main suit";[7] (3) changes made to the Texas Family Code since *Greene* created the distinct concept of continuing, exclusive jurisdiction and thereby eviscerated the prior venue rules and procedures; (4) the distinction is important in this case because under the current Family Code, venue in Chapter 103 addresses the county in which a case should be filed originally, whereas the continuing, exclusive jurisdiction addresses which specific court has the sole power to modify a prior final order; (5) with the enactment of section 155.204(a), the Family Code changed from the former venue focus on the issues being litigated to a definitive rule that a motion to transfer must be filed prior to any hearing; and (6) unlike venue (as it was formerly applied), continuing, exclusive jurisdiction does apply to interlocutory orders because a court without continuing, exclusive jurisdiction cannot issue temporary orders.

However, because the Legislature recodified the relevant portion of former section 11.06(f) to current section 155.204(a) after *Greene* was decided without changing the language, we must presume it adopted that interpretation. *See Grapevine Excavation, Inc. v. Md. Lloyds*, 35 S.W.3d 1, 5 (Tex.2000). Moreover, we fail to perceive how the changes in venue procedure, or their underlying rationale, even bear on the question before us.

Although the concept of continuing, exclusive jurisdiction is a fundamental and vital aspect of the SAPCR provisions of the Family Code, it is clearly subject to a mandatory exception where a child has resided in another county more than six months. This suggests that the policy of maintaining continuing, exclusive jurisdiction is subordinate to the policy dictating that matters affecting the parent-child relationship be conducted in the county where the child resides. *Cf. In re T.J.L.*, 97 S.W.3d 257, 264 (Tex.App.-Houston [14th Dist.] 2002, no pet.). This was also true under former statutory law. *See Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex. 1978). If anything, Russell's interpretation of Section 155.204 that contesting a motion for temporary relief at an emergency hearing waives a party's right to mandatory transfer can only create a trap that thwarts this policy.

Nor is it apparent how any other intent or purpose of the Family Code (or any other useful purpose) is advanced by Russell's interpretation, or how a party might ever be prejudiced by the contrary approach. Under limited circumstances, temporary orders can be entered by courts other than the one with continuing, exclusive jurisdiction;[8] and, conversely, the court with continuing, exclusive jurisdiction can enter temporary orders even after a motion for mandatory transfer has been filed. TEX. FAM.CODE ANN. § 155.005 (Vernon 2002). The potential urgency for the protection afforded by temporary orders, on the one hand, and the general policy that SAPCR proceedings be conducted in the county of the child's residence, on the other, need not be at odds and can only suffer if made so.

---

7.  *Calloway v. Calloway*, 442 S.W.2d 926, 928 (Tex.Civ.App.-Eastland 1969, no writ).

8.  *See* TEX. FAM.CODE ANN. §§ 105.001,156.006 (Vernon Supp.2005); *see also id.* §§ 82.003, 85.062 (Vernon 2002) (concerning venue and protective orders; allowing protective order to be entered by a court other than the court of continuing, exclusive jurisdiction); *id.* § 152.204 (Vernon 2002) (granting "temporary emergency jurisdiction" to any court in the State if the child is present in the State and emergency protection is required).

Based on the foregoing, we conclude that: (1) "the hearing" in section 155.204 refers to whatever final hearing is conducted to ultimately dispose of the pending SAPCR action; and, accordingly, (2) a hearing on a motion for temporary relief or other preliminary matter conducted before the answer date is not a deadline for filing a motion to transfer. Because Compton's motion was therefore timely, and Russell stipulated that P.R. had lived in Harris County for six months or longer, a transfer to Harris County was mandatory, and the trial court abused its discretion by denying the motion. Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its March 18, 2005, order denying the motion and to enter an order transferring the case to Harris County.[9]

9. A formal writ of mandamus will not issue unless the trial court fails to comply with this conditional order.