Petition for Writ of Mandamus Conditionally Granted and Opinion filed
January 24, 2006









Petition for Writ of Mandamus Conditionally Granted
and Opinion filed January 24, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00450-CV

____________

 

 

IN RE TARA COMPTON,
Relator

 

________________________________________________

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

________________________________________________

 

O P I N I O N

 

Relator, Tara Compton, seeks an order compelling
the respondent, the Honorable Janis Yarbrough, Judge of the 306th District
Court of Galveston County (the AGalveston
court@), to
transfer a suit affecting the parent-child relationship (ASAPCR@) from
Galveston County to Harris County.  We
conditionally grant the petition for writ of mandamus.

Background








In May of 2004, Compton and the real party in
interest, Greg Russell, an unmarried couple, entered into an agreement for
conservatorship of their child, P.R., which was approved and incorporated into
a final order by the Galveston court. 
Pursuant to that agreement and order, Compton and Russell were
designated joint managing conservators with Compton having the exclusive right
to establish the residence of the child. 
Compton and P.R. thereafter moved to Harris County.

On February 4, 2005, Russell filed a SAPCR (the Amodification
proceeding@) in the Galveston court, seeking
to modify custody and obtain an emergency temporary restraining order (ATRO@), and
temporary injunction.  On February 5,
2005, a TRO was issued, and Compton was served with notice to appear at a show
cause hearing.  On February 10, Compton
and her counsel appeared at the show cause hearing before an associate
judge.  However, the hearing was concluded
on February 15, and the associate judge awarded temporary custody to Russell on
February 16.

In the interim, on February 11, Compton filed a
motion (Athe
motion@) to
transfer the suit to Harris County on the ground that P.R. had lived in Harris
County for the preceding six months. 
Following a hearing on the motion, respondent issued an order denying
the transfer.

Standard of Review








An erroneous denial of a mandatory venue transfer
is subject to mandamus relief without a showing of inadequate remedy by
appeal.  In re Tex. Ass=n of Sch.
Bds., Inc., 169 S.W.3d 653, 656 (Tex. 2005).[1]  With other exceptions not applicable to this
case, a SAPCR must be filed in the county where the child resides unless
another court has continuing exclusive jurisdiction.  Tex.
Fam. Code Ann. _
103.001(a)(1) (Vernon 2002).  A court
acquires such continuing, exclusive jurisdiction by rendition of a final
order.  Id. ' 155.001
(Vernon 2002).  If an action to modify or
enforce an order is filed with the court having continuing, exclusive
jurisdiction of a suit, then on the timely motion of a party, the court
shall transfer the proceeding to the county in which the child has resided for
six months or longer.  Id. _
155.201(b) (Vernon Supp. 2005) (emphasis added).  Such a transfer is a mandatory ministerial
duty.  Proffer v. Yates, 734
S.W.2d 671, 673 (Tex. 1987).

Timeliness of Motion

It is undisputed in this case that:  (1) in having rendered the final order in the
original custody determination, the Galveston court had continuing, exclusive
jurisdiction with regard to P.R. when this modification proceeding was filed;
(2) P.R. had resided in Harris County more than six months at that time; and,
thus, (3) a transfer to Harris County was mandatory if Compton=s motion
was timely within the meaning of Section 155.201(b).  Such a motion to transfer (by a party other
than a petitioner or movant) is timely if made on or before the first Monday
after the 20th day after the date of service of citation or notice of the suit
(the Aanswer
date@) or
before the commencement of the hearing, whichever is sooner.  Tex.
Fam. Code Ann. _
155.204(a) (Vernon 2002) (emphasis added).[2]

The disposition of this case thus turns on whether
Athe
hearing@ for
purposes of section 155.204(a) means: (1) as Russell contends, any hearing in
the suit, including a hearing on temporary orders, such that the motion was
untimely for not being filed before the earlier of the answer date or
commencement of the TRO hearing; or, alternatively, (2) as Compton contends,
only the final trial on the merits, as contrasted from a hearing on temporary
orders or other preliminary matters, such that her motion was timely for being
filed before the earlier of the answer date or final hearing on the merits
(which had not occurred on the answer date).








Our objective in construing a statute is to
ascertain and give effect to the Legislature=s
intent.  Tex. Dep=t of
Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex.
2004).  In doing so, we give meaning to
the language consistent with other provisions of the statute and considering
the objective the law seeks to obtain and the consequences of a particular
construction.  Id.  We may also look to the context of the term
to determine the Legislature=s
intended meaning.  Tex. Dep=t of
Transp. v. Garza, 70 S.W.3d 802, 806 (Tex. 2002).

Although no Texas case has applied Russell=s
construction of section 155.204, he cites several examples in Title 5 of the
Family Code to show that the Legislature has repeatedly distinguished between
the words Ahearing@ and Atrial,@[3] and thus
that it intended the term Ahearing@ to
include any hearing in the matter, including a hearing for temporary relief,
because it would have employed the term Atrial@ if it
had meant the final trial on the merits.








Conversely, the Legislature=s use of
the language Athe hearing@ in
section 155.204(a) suggests that a single, particular hearing, rather than any
hearing, was intended, or the Legislature would have used Aa@ or Aany@ in place
of Athe.@  Moreover, many of the sections Russell
references use the term Aa hearing@
(105.001(b), 105.004, 154.181(a)) or Aa trial
or hearing@ (or Aa hearing
or trial@)
(107.002(d), 153.0072(e)), neither of which are instructive of the meaning of Athe
hearing.@  Another section he cites (154.122) uses Athe
hearing@ to refer
to any hearing at which child support is calculated.  However, if anything, this use of the term
suggests that Athe hearing@ is not
used to mean any hearing on any subject, but instead only some particular
hearing.  In addition, even though some
contexts may require the terms Ahearing@ and Atrial@ to be
distinguished, it does not logically follow that all contexts must do so.  Thus, for example, section 105.004 expressly
uses Ahearing@ to refer
to a trial on the merits:

After a hearing, the court
may: (1) grant a motion filed by a party or the attorney or guardian ad litem
for the child for a preferential setting for a trial on the merits; and
(2) give precedence to that hearing over other civil cases if the court
finds that the delay created by ordinary scheduling practices will unreasonably
affect the best interest of the child.

 

Tex. Fam. Code Ann. ' 105.004
(Vernon Supp. 2005) (emphases added).

In addition, Russell contends that, because at
least 45 days notice of trial is required under Texas Rule of Civil Procedure
245, a trial on the merits could never occur before the answer date.  See Tex.
R. Civ. P. 245.  Therefore,
Russell contends that Compton=s
interpretation would render the answer date language in section 155.204(a)
meaningless.  On the contrary, however,
Rule 245 requires 45 days notice only for contested cases and, even for those,
allows a shorter period by agreement of the parties.[4]  Therefore, depending on the court=s docket,
the nature and scope of the relief sought, and the preferences of the parties,
a matter that is relatively small, simple, or uncontested might well have a
hearing on the merits in fewer than the possible 26 or so days from the SAPCR=s filing
date to its answer date.








Moreover, the only Texas decision on this issue
has applied the relevant statutory language in the manner advocated by Compton.
 See Greene v. Barker, 806 S.W.2d
274 (Tex. App.CFort Worth 1991, orig.
proceeding).[5]  Although Greene interpreted Section
11.06(f), the predecessor to Section 155.204(a), the relevant language of
Section 11.06(f) did not change when it was recodified in Section 155.204(a),[6]
and it is undisputed that Greene is factually on point with this case.

With regard to Greene, Russell contends:
(1) its holding rests on superseded venue procedures (involving pleas of
privilege and interlocutory appeals) and thus on case law that no longer
reflects the intent of the Legislature with regard to venue issues in the
family law context; (2) those procedures focused on whether the parties were
litigating a preliminary matter or issues that invoked the jurisdiction in the
main case, such that Avenue
relate[d] to a trial upon the merits and not to temporary and preliminary
orders which [did] not invoke the court=s general
jurisdiction in the main suit@;[7]
(3) changes made to the Texas Family Code since Greene created the
distinct concept of continuing, exclusive jurisdiction and thereby eviscerated
the prior venue rules and procedures; (4) the distinction is important in this
case because under the current Family Code, venue in Chapter 103 addresses the
county in which a case should be filed originally, whereas the continuing,
exclusive jurisdiction addresses which specific court has the sole power to
modify a prior final order; (5) with the enactment of section 155.204(a), the
Family Code changed from the former venue focus on the issues being litigated
to a definitive rule that a motion to transfer must be filed prior to any
hearing; and (6) unlike venue (as it was formerly applied), continuing,
exclusive jurisdiction does apply to interlocutory orders because a court
without continuing, exclusive jurisdiction cannot issue temporary orders.








However, because the Legislature recodified the
relevant portion of former section 11.06(f) to current section 155.204(a) after
Greene was decided without changing the language, we must presume it
adopted that interpretation.  See
Grapevine Excavation, Inc. v. Md. Lloyds, 35 S.W.3d 1, 5 (Tex. 2000).  Moreover, we fail to perceive how the changes
in venue procedure, or their underlying rationale, even bear on the question
before us.

Although the concept of continuing, exclusive
jurisdiction is a fundamental and vital aspect of the SAPCR provisions of the
Family Code, it is clearly subject to a mandatory exception where a child has
resided in another county more than six months. 
This suggests that the policy of maintaining continuing, exclusive
jurisdiction is subordinate to the policy dictating that matters affecting the
parent-child relationship be conducted in the county where the child
resides.  Cf. In re T.J.L., 97
S.W.3d 257, 264 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  This was
also true under former statutory law.  See
Cassidy v. Fuller, 568 S.W.2d 845, 847 (Tex. 1978).  If anything, Russell=s
interpretation of Section 155.204 that contesting a motion for temporary relief
at an emergency hearing waives a party=s right
to mandatory transfer can only create a trap that thwarts this policy.








Nor is it apparent how any other intent or purpose
of the Family Code (or any other useful purpose) is advanced by Russell=s
interpretation, or how a party might ever be prejudiced by the contrary approach.  Under limited circumstances, temporary orders
can be entered by courts other than the one with continuing, exclusive
jurisdiction;[8]
and, conversely, the court with continuing, exclusive jurisdiction can enter
temporary orders even after a motion for mandatory transfer has been
filed.  Tex.
Fam. Code Ann. ' 155.005
(Vernon 2002).  The potential urgency for
the protection afforded by temporary orders, on the one hand, and the general
policy that SAPCR proceedings be conducted in the county of the child=s
residence, on the other, need not be at odds and can only suffer if made so.

Based on the foregoing, we conclude that: (1) Athe
hearing@ in
section 155.204 refers to whatever final hearing is conducted to ultimately
dispose of the pending SAPCR action; and, accordingly, (2) a hearing on a
motion for temporary relief or other preliminary matter conducted before the
answer date is not a deadline for filing a motion to transfer.  Because Compton=s motion
was therefore timely, and Russell stipulated that P.R. had lived in Harris
County for six months or longer, a transfer to Harris County was mandatory, and
the trial court abused its discretion by denying the motion.  Accordingly, we conditionally grant the
petition for writ of mandamus and direct the trial court to vacate its March
18, 2005, order denying the motion and to enter an order transferring the case
to Harris County.[9]

 

/s/        Richard H. Edelman

Justice

 

Petition for Writ of Mandamus Conditionally Granted and Opinion filed
January 24, 2006.

Panel consists of Justices Edelman, Seymore, and Guzman.

 

 











[1]           The
denial of a mandatory transfer is not subject to interlocutory appeal.  See Tex.
Fam. Code Ann. _155.204(e) (Vernon 2002).  Because the motion to transfer in this case
was filed before June 18, 2005, it is governed by the version of Section
155.204 in effect before being amended as of that date.  See Act of June 19, 1999, 76th Leg.,
R.S., ch. 1390, _ 14, 1999 Tex. Gen. Laws 4043, amended by Act
of June 18, 2005, 79th Leg., R.S., ch. 916, ''
15, 28, 2005 Tex. Gen. Laws 3153, 3155.





[2]           See
supra note 1.





[3]           See Tex. Fam. Code Ann. _105.001(b) (Vernon Supp. 2005) (stating that temporary
orders may not be rendered Aexcept after notice and a hearing@ (emphasis added)); id. _105.004 (stating that, A[a]fter
a hearing, the court may: (1) grant a motion filed by a party or the
attorney or guardian ad litem for the child for a preferential setting for a trial
on the merits@(emphasis added)); id. _107.002(d) (stating that the A[c]ourt may compel the guardian ad litem to attend a trial
or hearing and to testify as necessary for the proper disposition of the
suit@ (emphasis added)); id. _153.0072(e) (Vernon 2002) (stating that Aa court that is notified 30 days before trial that
the parties are using collaborative law procedures to attempt to settle a
dispute may not, until a party notifies the court that the collaborative law
procedures did not result in a settlement: (1) set a hearing or trial in
the case@ (emphasis added)); id. _154.122 (stating that A[t]he
amount of a periodic child support payment established by the child support
guidelines in effect in this state at the time of the hearing is
presumed to be reasonable@ (emphasis added)); 
id. _154.181(b) (Vernon Supp. 2005) (stating that, A[b]efore a hearing on temporary orders or a
final order, if no hearing on temporary orders is held, the court shall . . . .
@ (emphasis added)); id. _ 201.005(b) (Vernon 2002) (stating that  A[a]
trial on the merits is any final adjudication from which an appeal may be taken
to a court of appeals@).





[4]           See
Tex. R. Civ. P. 245 (AThe Court may set contested cases on written
request of any party, or on the court's own motion, with reasonable notice of
not less than forty‑five days to the parties of a first setting for
trial, or by agreement of the parties . . . .@ (emphasis added)).





[5]           See
also Green v. Green, 424 S.W.2d 479, 481 (Tex. Civ. App.CTyler 1968, no writ) (holding under general venue
principles that mother=s appearance at a show cause hearing set by father in
change of custody proceeding did not waive her venue challenge).





[6]           Former
Section 11.06(f) read:      

A motion to transfer by any other
party [than petitioner or movant] is timely if it is made on or before the
Monday next after the expiration of 20 days after the date of service of
citation or notice of the action or before the commencement of the hearing,
whichever is sooner.

Act of June
10, 1981, 67th Leg., R.S., ch. 355, _ 1, sec. 11.06(f)B(i),
1981 Tex. Gen. Laws 942, amended
by Act of April 20, 1995, 74th Leg., R.S., ch. 20, _ 1, sec. 155.204, 1995 Tex. Gen. Laws 113, 171
(codified at Tex. Fam. Code Ann. _ 155.204).





[7]           Calloway v. Calloway, 442 S.W.2d 926, 928 (Tex. Civ.
App.CEastland 1969, no writ).





[8]           See Tex.
Fam. Code Ann. __ 105.001,156.006 (Vernon Supp.
2005); see also id. __ 82.003, 85.062 (Vernon
2002) (concerning venue and protective orders; allowing protective order to be
entered by a court other than the court of continuing, exclusive jurisdiction);
id. _ 152.204 (Vernon 2002)
(granting Atemporary emergency jurisdiction@ to any court in the State if the
child is present in the State and emergency protection is required).





[9]           A
formal writ of mandamus will not issue unless the trial court fails to comply
with this conditional order.