

**NUMBER 13-10-006-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

**IN RE:  WILLIE RIVERA, III**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Vela**
**Memorandum Opinion by Justice Vela**

In this original proceeding, relator, Willie Rivera, III (Willie), challenges the trial court's failure to transfer venue in a suit affecting the parent-child relationship under the family code.  *See* TEX. FAM. CODE. ANN. §§ 155.201(b) (providing for transfer of venue in suits to modify or enforce); § 155.204 (setting forth the procedure for motions to transfer venue under the family code).  (Vernon 2008 and Supp. 2009).  We conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

Willie filed a petition to modify parent-child relationship on June 23, 2009 in Cameron County, seeking to modify a November 1, 2005 order in a suit affecting parent-

child relationship. Through the modification motion, he sought to be appointed the sole managing conservator or alternatively the joint managing conservator with the right to designate the residence of his two minor children. On that same date, relator also filed a motion to transfer venue from Cameron County to Harris County. He alleged that the two children had resided continuously in Harris County beginning December 18, 2008. His motion to transfer venue was supported by his affidavit averring that the children had resided in Harris county with him since December 18, 2008.

Angelica Rivera, the real party in interest and mother of the two children, was served with the petition on July 10, 2009. She then filed a general denial on July 30, 2009. On October 15, 2009, she filed a response in opposition to the motion to transfer venue. In her response, she suggests that she is the better parent and that Willie was only supposed to have had possession of the children for a thirty day period and had kept them without her consent. She attached an affidavit stating that she had never consented to a transfer of conservatorship and the children have been kept by Willy against her will. The docket sheet, appended to the petition for writ of mandamus as an exhibit, reflects that the motion to transfer venue was denied on November 19, 2009. There is no record from any hearing that might have taken place with respect to the motion to transfer venue.

## II. STANDARD OF REVIEW

Mandamus is an extraordinary remedy, which is available only when a trial court has clearly abused its discretion. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). An erroneous denial of a mandatory venue transfer under the family code is subject to mandamus relief without a showing that relator has an adequate remedy by appeal. *See* TEX. FAM. CODE ANN. § 155.204(h) (providing that an order transferring or refusing to transfer is not subject to interlocutory appeal); *Proffer v. Yates*, 734 S.W.2d

2

671, 672 (Tex. 1987) (orig. proceeding) (noting that mandamus has been available to compel mandatory transfer in suits affecting parent-child relationships for "a number of years"); *In re Kerst*, 237 S.W.3d 441, 443 (Tex. App.–Texarkana 2007, orig. proceeding) (considering the erroneous denial of a mandatory transfer of venue under section 155.201(b) of the family code).

### III. THE FAMILY CODE

Willie moved to transfer venue based on section 155.201(b), which provides that:

If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

Section 155.204(b) provides the procedure for transfer as follows:

Except as provided by Subsection (a) or Section 262.203, a motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. A motion to transfer by another party is timely if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before the commencement of the hearing, whichever is sooner.

Section 155.204 (c) states that:

If a timely motion to transfer has been filed and no controverting affidavit is filed within the period allowed for its filing, the proceeding shall, not later than the 21st day after the final date of the period allowed for the filing of a controverting affidavit, be transferred without a hearing to the proper court.

With respect to the time period for filing a controverting affidavit, section 155.204(d) of statute requires:

On or before the first Monday after the 20th day after the date of notice of a motion to transfer is served, a party desiring to contest the motion must file a controverting affidavit denying that grounds for the transfer exist.

3

## IV. ANALYSIS

In this case, the motion to transfer venue to Harris county was properly filed with the initial pleading on June 23, 2009. Angelica was served with the modification and motion to transfer venue on July 10, 2009. She filed her original answer on July 30, 2009. However, she did not file her opposition to the motion to transfer venue and controverting affidavit until October 15, 2009. She does not dispute that the children have resided with Willie for more than six months; rather she argues that he has kept them past the time he was supposed to. The record shows only that Willie gained possession of the children because the Department of Family and Protective Services "had opened up a case against my former spouse as a result of allegations of negligent supervision and drug use." Angelica attached a child safety evaluation and plan from the Department of Family and Protective Services that stated that she was placing the children with Willie until CPS advised her that they could return.

If an action to modify an order is filed in a court having continuing jurisdiction of a suit, then a court shall transfer the proceeding to the county in which the child has resided for six months or longer. *Id.* § 155.201(b). Such a transfer is a mandatory ministerial duty. *Proffer v. Yates*, 734 S.W.2d at 673. Although the concept of continuing exclusive jurisdiction is a basic premise in the family code, it is subject to a mandatory exception where a child has resided in another county for more than six months. *In re Compton* 185 S.W.3d 526, 530 (Tex. App.–Houston [14th Dist.] 2006, orig. proceeding). The *Compton* court suggests that the continuing, exclusive jurisdiction concept is "subordinate to the policy dictating that matters affecting the parent-child relationship be conducted in the county where the child resides." *Id*.

4

Here, Angelica was served with the petition seeking modification and motion to transfer venue on July 10, 2009. It remained uncontroverted until she filed an affidavit on October 19, 2009. The statute required her to controvert "on or before the first Monday after the 20th day after the date of notice of a motion to transfer is served." *Id*. § 155.204(d). The motion to transfer was served on July 10, 2009. She had until August 4, 2009 to file a controverting affidavit, but she did not. Accordingly, the trial court had a ministerial duty to transfer the case to Harris County.

## V. CONCLUSION

Because we conclude the trial court had a ministerial duty to grant the relator's motion to transfer venue, we conditionally grant the petition for writ of mandamus. Our writ will issue only if the trial court fails to enter an order transferring the underlying case to Harris County.

ROSE VELA
Justice

Delivered and filed the 2nd
day of February, 2010.