In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00057-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

CANDI
COOPER

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Candi Cooper, proceeding pro se, has
filed a petition for writ of mandamus asking this Court to order the Honorable
Paul Banner, sitting for the 115th Judicial District Court of Upshur County,
Texas, to grant her motion to transfer venue in a suit affecting the
parent-child relationship.  Cooper and
David Johnston were divorced February 21, 2007, and appointed joint managing
conservators of Z.B.J., a minor child. 
Although the divorce decree specified the residence of Z.B.J. would be
Upshur County or a contiguous county, Cooper and Z.B.J. moved to Austin, Texas,
in August 2008.  Johnston agreed to the
move and agreed to secure an amended order permitting the residence of Z.B.J.
to be established in Austin, Texas. 
Johnston, though, never obtained the amended order.  According to Cooper’s petition, Johnston
filed, in Upshur County, a temporary restraining order alleging the use of
marihuana by Cooper’s current husband endangered Z.B.J.   Cooper’s petition states that a motion to
transfer venue was filed under Section 155.201 of the Texas Family Code, which
provides for mandatory transfer of venue “if the child has resided in the other
county for six months or longer.”  See Tex.
Fam. Code Ann. § 155.201 (Vernon 2008).   After a hearing on the motion to transfer
venue, the trial court denied the motion. 


            Mandamus issues only when the
mandamus record establishes (1) a clear abuse of discretion or the violation of
a duty imposed by law and (2) the absence of a clear and adequate remedy at
law.  Walker
v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992); see In re Columbia Med. Ctr.
of Las Colinas, 290 S.W.3d 204, 207 (Tex. 2009).  Under the appropriate circumstances, mandamus
may be an available remedy when a trial court fails to grant a motion to
transfer venue under Section 155.201 of the Texas Family Code.  See Tex. Fam. Code Ann. § 155.201, § 155.204(h)
(Vernon Supp. 2009); In re Kerst, 237
S.W.3d 441, 442 (Tex. App.—Texarkana 2007, orig. proceeding); In re Compton, 185 S.W.3d 526, 530 (Tex.
App.—Houston [14th Dist.] 2006, orig. proceeding).  

            Cooper, the relator, has failed to
provide this Court with a sufficient record. 
It is the relator’s burden to provide this Court with a sufficient
record to establish the right to mandamus relief.  Walker,
827 S.W.2d at 837; In re Pilgrim’s Pride
Corp., 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding);
see Tex.
R. App. P. 52.3.  The record
accompanying Cooper’s petition for writ of mandamus consists of only the
transcript of the hearing and three exhibits that were introduced during the
hearing.  While the petition does contain
an appendix, the appendix does not include “a certified or sworn copy of any
order complained of, or any other document showing the matter complained of.”  See
Tex. R. App. P. 52.3(k)(1)(A).  The appendix to Cooper’s petition contains
only a copy of Section 155.204 of the Texas Family Code and a partial copy of a
Child Protective Services (CPS) report. 
Cooper has failed to provide this court with a copy of the motion
complained of, the motion to transfer venue and the controverting affidavit, if
any.   See Tex. R. App. P.
52.3(k).  We cannot evaluate Cooper’s
petition for writ of mandamus without these documents.  We further note the petition does not certify
that a copy was served on all parties to the proceeding.  See Tex. R. App. P. 9.5.  

 

            For the reasons stated, we deny
Cooper’s petition for writ of mandamus.

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          July 6, 2010     

Date
Decided:             July 7, 2010