

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00057-CV
_____

IN RE:
CANDI COOPER

_____

Original Mandamus Proceeding

_____

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Candi Cooper, proceeding pro se, has filed a petition for writ of mandamus asking this Court to order the Honorable Paul Banner, sitting for the 115th Judicial District Court of Upshur County, Texas, to grant her motion to transfer venue in a suit affecting the parent-child relationship. Cooper and David Johnston were divorced February 21, 2007, and appointed joint managing conservators of Z.B.J., a minor child. Although the divorce decree specified the residence of Z.B.J. would be Upshur County or a contiguous county, Cooper and Z.B.J. moved to Austin, Texas, in August 2008. Johnston agreed to the move and agreed to secure an amended order permitting the residence of Z.B.J. to be established in Austin, Texas. Johnston, though, never obtained the amended order. According to Cooper's petition, Johnston filed, in Upshur County, a temporary restraining order alleging the use of marihuana by Cooper's current husband endangered Z.B.J. Cooper's petition states that a motion to transfer venue was filed under Section 155.201 of the Texas Family Code, which provides for mandatory transfer of venue "if the child has resided in the other county for six months or longer." *See* TEX. FAM. CODE ANN. § 155.201 (Vernon 2008). After a hearing on the motion to transfer venue, the trial court denied the motion.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992); s*ee In re Columbia Med.*

2

*Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009). Under the appropriate circumstances, mandamus may be an available remedy when a trial court fails to grant a motion to transfer venue under Section 155.201 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 155.201, § 155.204(h) (Vernon Supp. 2009); *In re Kerst*, 237 S.W.3d 441, 442 (Tex. App.—Texarkana 2007, orig. proceeding); *In re Compton*, 185 S.W.3d 526, 530 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding).

Cooper, the relator, has failed to provide this Court with a sufficient record. It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3. The record accompanying Cooper's petition for writ of mandamus consists of only the transcript of the hearing and three exhibits that were introduced during the hearing. While the petition does contain an appendix, the appendix does not include "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." *See* TEX. R. APP. P. 52.3(k)(1)(A). The appendix to Cooper's petition contains only a copy of Section 155.204 of the Texas Family Code and a partial copy of a Child Protective Services (CPS) report. Cooper has failed to provide this court with a copy of the motion complained of, the motion to transfer venue and the controverting affidavit, if any. *See* TEX. R. APP. P. 52.3(k). We cannot evaluate Cooper's petition for writ of mandamus without these documents. We further note the petition does not certify that a copy was

3

served on all parties to the proceeding.  *See* TEX. R. APP. P. 9.5.


For the reasons stated, we deny Cooper's petition for writ of mandamus.



Josh R. Morriss, III
Chief Justice

Date Submitted:    July 6, 2010
Date Decided:      July 7, 2010

4