**Petition for Writ of Mandamus Conditionally Granted and Majority and Dissenting Opinions filed September 30, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00486-CV

---

### IN RE DIANA LOVELL-OSBURN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**246th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-18060**

---

## MAJORITY OPINION

On June 23, 2014, relator Diana Lovell-Osburn filed a petition for writ of mandamus in this court. In the petition, relator asks this court to compel the Honorable Jim York, presiding judge of the 246th District Court of Harris County, to vacate an order denying relator's motion to transfer venue of the underlying litigation to Burleson County pursuant to Section 155.201(b) of the Texas Family Code. We conditionally grant relator's petition.

# I. BACKGROUND

Relator Diana Lovell-Osburn and real party in interest Christopher Martin divorced in 2009. The parties have two children together. In the divorce decree, the 246th District Court designated the parties as joint managing conservators of their children, but awarded Lovell-Osburn the exclusive right to designate the primary residence of the children within Harris County or a contiguous county.

Further litigation between the parties ensued subsequent to the divorce decree, and the parties entered into mediation. At the time of mediation, Lovell-Osburn was anticipating moving with the children to Brazos County, Burleson County, or Grimes County—none of which are immediately contiguous to Harris County. Accordingly, one of the issues in contention between the parties was an expansion of the geographic restriction in the original divorce decree to include these three counties. The legal disputes between the parties was somewhat involved, however, and it appears the proposed expansion of the geographic restriction gave Martin concerns about ensuring that the 246th District Court retained authority over the parties so as to not lose the benefit of the court's historic knowledge of the parties' litigation acquired over time. However, the original divorce decree would have allowed Lovell-Osburn to move to a contiguous county and the 246th District Court would not have retained venue.[1]

---

[1] Lovell-Osburn could have moved, for example, to Waller County, where the courthouse in Hempstead, Texas is approximately 52.5 miles from the Harris County courthouse, or to Galveston County, where the courthouse is approximately 48 miles from the Harris County courthouse. The Burleson County courthouse in Caldwell, Texas is approximately 107 miles from the Harris County courthouse. *See Barber v. Intercoast Jobbers & Brokers*, 417 S.W.2d 154, 158 (Tex. 1967) ("Facts

(continued)

Ultimately, the parties entered into a mediated settlement agreement ("MSA") in February 2012. The parties agreed to expand the geographic restriction to include Brazos County, Burleson County, and Grimes County as permissible counties for the children's primary residence. The parties also agreed that the venue of any related future legal proceedings would remain with the 246th District Court in a provision that reads:

> The parties agree and hereby contract that the proper venue for any future legal proceedings between the parties with regard to conservatorship, possession, support of their children, or other claims between Petitioner and Respondent, including modification actions or enforcement actions of this or any other order or decree, shall be and remain in the 246[th] Judicial District Court of Harris County, Texas.[2]

In March 2012, the trial court signed an agreed final order on the parties' MSA that included both the expanded geographic restriction and the venue provision as agreed to by the parties.

In March 2014, Lovell-Osburn filed with the 246th District Court a petition to modify in a suit affecting the parent-child relationship ("SAPCR") with respect to the parties' child that is still a minor. Despite the venue provision in the parties' MSA to which Lovell-Osburn expressly agreed and inclusion of that same language in the

about well known and easily ascertainable geographical facts concerning counties are frequently judicially noticed.")

[2] Separately, the parties also entered into an agreement modifying an earlier agreement incident to divorce concerning property division, and this modification agreement also included a term providing that exclusive jurisdiction would remain with the 246th District Court "regardless of the County of residence of either of the parties' children" and that any future claims or causes of action would be brought in the 246th District Court. This separate agreement is not at issue in this original proceeding.

agreed final order, Lovell-Osburn filed concurrently with her petition a motion to transfer venue of the proceedings to Burleson County on the grounds that the residence of the minor child had been in Burleson County for the six-month period preceding the filing of the petition. *See* Tex. Fam. Code §§ 155.201(b), 155.204. Martin opposed Lovell-Osburn's motion to transfer, citing the parties' agreement that venue remain with the 246th District Court. Martin also filed a declaration in support, stating that his assent to expanding the geographic restriction to include Burleson County was contingent upon inclusion of the provision mandating venue in the 246th District Court.

The trial court held an evidentiary hearing on Lovell-Osburn's motion to transfer. At the hearing, the parties did not dispute that the minor child had resided in Burleson County for at least six months preceding the filing of Lovell-Osburn's petition to modify. The parties also did not dispute that the venue provision was a term of the parties' MSA. The trial court noted that the recent decision by the Supreme Court of Texas in *In re Lee*, 411 S.W.3d 445 (Tex. 2013) (orig. proceeding), might control, and allowed the parties to submit supplemental briefing on the issue. After receiving the supplemental briefing, the trial court denied Lovell-Osburn's motion in a letter ruling dated May 1, 2014. The court followed this letter ruling with an order dated May 9, 2014 denying the motion to transfer venue. Lovell-Osburn then filed this petition for writ of mandamus.

## II. THE MANDAMUS STANDARD

Generally, mandamus relief is appropriate only when the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). However, "[a]n erroneous denial of a

4

mandatory venue transfer is subject to mandamus relief without a showing of an inadequate remedy by appeal." *In re Compton*, 185 S.W.3d 526, 527 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Therefore, Lovell-Osburn only needs to demonstrate an abuse of discretion by the trial court to be entitled to mandamus relief. A trial court abuses its discretion if it: (1) reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law; (2) clearly fails to correctly analyze or apply the law; or (3) acts without reference to any guiding rules or principles. *In re Park Mem'l Condo. Ass'n, Inc.*, 322 S.W.3d 447, 449–50 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

### III. STATUTORY PROVISIONS AT ISSUE

This original proceeding involves the interplay between two statutory provisions of the Texas Family Code: Sections 153.0071(e) (concerning MSAs) and 155.201(b) (concerning venue). In a SAPCR, "[a] mediated settlement agreement is binding on the parties" if the MSA satisfies certain procedural requirements. Tex. Fam. Code § 153.0071(d). "If a mediated settlement agreement meets the requirements of Subsection (d), a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." Tex. Fam. Code § 153.0071(e).

Section 155.201(b) of the Family Code provides that if a petition to modify in a SAPCR is filed in the court with continuing, exclusive jurisdiction, "the court shall,"

upon the timely filing of a motion, "transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer."; *see also* Tex. Fam. Code § 155.204 (specifying procedures for motions to transfer venue under Section 155.201).

In her sole issue presented, Lovell-Osburn asserts the trial court abused its discretion in failing to transfer venue to Burleson County pursuant to Section 155.201(b) of the Texas Family Code. In response, Martin relies heavily on the supreme court's decision in *Lee*, which interpreted Section 153.0071(e), in arguing that enforcement of MSAs has become an overriding public policy of the state, and that the trial court accordingly did not have authority to disregard the terms of the parties' MSA.

## IV. ANALYSIS

The Legislature has adopted venue rules specific to SAPCRs. *See, e.g.*, Tex. Fam. Code § 103.001; *see also In re Nabors*, 276 S.W.3d 190, 199 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) ("[T]he general rules for establishing venue in civil cases are not applicable to suits affecting the parent-child relationship.").[3] Section 155.201(b) of the Family Code, requires the transfer of proceedings to another county in this state if the child has resided in that other county for six months or longer. Texas

---

[3] Martin suggests that the venue provisions applicable to major transactions may apply to this case—apparently referring to Section 15.020 of the Texas Civil Practice and Remedies Code. Contrary to Martin's suggestion, however, this section is not applicable. First, it only applies to a "major transaction," which is defined as excluding "a transaction entered into primarily for personal [or] family . . . purposes." Tex. Civ. Prac. & Rem. Code § 15.020(a). Second, the "transfer procedures under the Texas Family Code are the *exclusive* mechanism for transferring suits affecting the parent-child relationship and were designed to supplant the regular venue rules." *Nabors*, 276 S.W.3d at 194.

courts have long held that Section 155.201(b) (and its statutory predecessor) is a mandatory venue provision, and, consequently, a trial court has a ministerial duty to transfer venue when the statutory terms are satisfied. *See, e.g.*, *Proffer v. Yates*, 734 S.W.2d 671, 672–73 (Tex. 1987) (per curiam) (orig. proceeding); *Nabors*, 276 S.W.3d at 193; *Compton*, 185 S.W.3d at 527.

It is undisputed here that the parties' minor child has resided in Burleson County for at least six months preceding the filing of Lovell-Osburn's petition to modify. There also is no question that Lovell-Osburn complied with the procedural mandates in Section 155.204 of the Family Code for requesting a transfer of the underlying proceedings to Burleson County. Given these facts, Section 155.201(b) of the Family Code mandates that venue of the underlying proceedings be transferred to Burleson County. *See Nabors*, 276 S.W.3d at 199.

The Supreme Court of Texas explicitly has held that the mandatory venue provision now at Section 155.201(b) of the Family Code cannot be contractually overridden. *Leonard v. Paxson*, 654 S.W.2d 440, 441–42 (Tex. 1983) (orig. proceeding) ("[T]he mandatory venue and transfer provisions of the Family Code . . . cannot be negated by contract. To hold otherwise would defeat the legislature's intent that matters affecting the parent-child relationship be heard in the county where the child resides, and would promote forum shopping by contract.") (citing *Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex. 1978) (orig. proceeding)); *see also In re Great Lakes Dredge & Dock Co.*, 251 S.W.3d 68, 79 (Tex. App.—Corpus Christi 2008, orig. proceeding) ("Texas law prohibits parties from contracting away mandatory venue."). This comports with the general rule in Texas that "venue selection cannot be the subject of private contract

7

unless otherwise provided by statute." *Liu v. CiCi Enters., LP*, No. 14-05-00827-CV, 2007 WL 43816, *2 (Tex. App.—Houston [14th Dist.] Jan. 9, 2007, no pet.) (mem. op.).

An MSA is a contract between the parties. *See Martin v. Black*, 909 S.W.2d 192, 195 (Tex. App.—Houston [14th Dist.] 1995, writ denied). Therefore, the mere fact that the parties entered into a contractual agreement purporting to fix venue in the 246th District Court is not itself sufficient to override the mandatory venue provision at Section 155.201(b). Unless another statutory provision specifically authorizes a court to disregard the mandatory venue and transfer rule at Section 155.201(b), the trial court had a ministerial duty to transfer the underlying litigation to Burleson County notwithstanding the existence of a contractual agreement between the parties. *See Proffer*, 734 S.W.2d at 672–73; *Leonard*, 654 S.W.2d at 441–42. Martin and our dissenting colleague argue that statutory authorization to override Section 155.201(b) is found in Section 153.0071(e), as interpreted by the supreme court in *Lee*. We disagree.[4]

The issue before the court in *Lee* was a narrow question—namely, "whether a trial court presented with a request for entry of judgment on a validly executed MSA may deny a motion to enter judgment based on a best interest inquiry." 411 S.W.3d at 450. A majority of the court concluded based on the plain language of Section 153.0071

---

[4] In addition to relying on Section 153.0071(e), Martin also argues that the trial court was required to enforce the agreed parenting plan reached by the parties, citing to Section 153.007 of the Family Code. This argument is misplaced. The section Martin refers to provides that parties "may enter into a written agreed parenting plan containing provisions for conservatorship and possession of the child and for modification of the parenting plan, including variations from the standard possession order." Tex. Fam. Code § 153.007(a). This language provides no authority for the parties to fix venue in a particular court. Furthermore, the parties' agreement to fix venue in the 246th District Court is not included as part of their agreed parenting plan, but rather is contained in a distinct provision of the MSA.

that a trial court may refuse to enter judgment on an otherwise compliant MSA on best interest grounds only where the court also finds that a party to the MSA was a victim of family violence and that violence impaired the party's ability to make decisions. *Id.* at 453–55. In reaching this conclusion, the court expressly limited the extent of its holding. Specifically, a different majority of the court held that Section 153.0071(e) does not preclude a court from refusing to enter judgment on an MSA if it could endanger the safety and welfare of a child. *See id.* at 461 (Guzman, J., concurring), 466 (Green, J., dissenting). And, as is relevant here, the court expressly did not reach the question of whether Section 153.0071(e) requires a court to enter judgment on an MSA "under any and all circumstances, even where, for example, the agreement was illegal." *Id.* at 455 n.10 (internal quotations omitted).

As noted above, the supreme court has ruled that parties cannot circumvent the mandatory venue provision now at Section 155.201(b) by contractually agreeing to a different venue, following the general principle that "fixing of venue by contract," except where statutorily permitted, "is invalid and cannot be the subject of private contract." *Leonard*, 654 S.W.2d at 441 (quoting *Fidelity Union Life Ins. Co. v. Evans*, 477 S.W.2d 535, 537 (Tex. 1972)). Thus, a trial court entering judgment on an MSA that includes a provision fixing venue in contravention of Section 155.201(b) would constitute judgment in favor of a provision that is void for violating public policy. *See Liu*, 2007 WL 43816 at *2 ("Because venue is fixed by law, any agreement or contract whereby the parties try to extend or restrict venue is void as against public policy.") (quoting *Bristol-Myers Squibb Co. v. Goldston*, 957 S.W.2d 671, 674 (Tex. App.—Fort Worth 1997, pet. dism'd by agr.)); *see also Fairfield Ins. Co. v. Stephens Martin*

*Paving, LP*, 246 S.W.3d 653, 664–65 (Tex. 2008) ("[F]reedom of contract is not unbounded. As a rule, parties have the right to contract as they see fit as long as their agreement does not violate the law or public policy. . . . The Legislature determines public policy through the statutes it passes.") (internal citations and quotations omitted). The supreme court's decision in *Lee* neither requires a trial court to enter judgment on an MSA containing a void venue provision nor requires the trial court to enforce such a judgment.

In avoiding the question of "whether section 153.0071 mandates entry of judgment on a statutorily compliant MSA under any and all circumstances," *Lee*, 411 S.W.3d at 455 n.10, the supreme court quoted language from *In re Calderon*, 96 S.W.3d 711, 718 (Tex. App.—Tyler 2003, orig. proceeding [mand. denied]). In *Calderon*, the court of appeals concluded that the trial court abused its discretion by refusing to transfer venue of a SAPCR pursuant to Section 155.201(b) even though the parties had entered into an MSA that included a provision fixing venue in a particular county. 96 S.W.3d at 714–15, 718–19, 722. Moreover, Justice Guzman quoted in her concurrence in *Lee* language from the opinion in *Garcia-Udall v. Udall*, 141 S.W.3d 323, 331–32 (Tex. App.—Dallas 2004, no pet.). *See Lee*, 411 S.W.3d at 464 n.9 (Guzman, J., concurring). That quote is supported by a citation to the ultimate decision in *Calderon* holding that the venue provision of the MSA was void. *See Calderon*, 96 S.W.3d at 722. If the supreme court's interpretation in *Lee* of Section 153.0071(e) compels the trial court to disregard the mandatory venue rule at Section 155.201(b) and instead defer to the parties' contractual venue provision, it would be inconsistent for a majority of the justices to approvingly cite directly and indirectly to a court of appeals decision holding

10

that an MSA provision purporting to fix venue is invalid. We decline to read *Lee* as containing such an unresolved discrepancy.

Although Section 153.0071(e) requires courts to defer to certain decisions of parents agreed to in an MSA, *see Lee*, 411 S.W.3d at 455, that requirement is not unlimited. *See id.* at 461 (Guzman, J., concurring), 466 (Green, J., dissenting). Were we to adopt the conclusion that the trial court was required to enter judgment on the parties' MSA containing the void venue provision, it would open the door to parties including within an MSA various provisions that otherwise would be void for being contrary to public policy. We see no indication that the Legislature intended with the adoption of Section 153.0071(e) to grant parties a right to enforcement of void contractual provisions that does not exist under general contract law. *See, e.g.*, *McCreary v. Bay Area Bank & Trust*, 68 S.W.3d 727, 733 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd) ("Normally, if a contract is not illegal, it is enforceable. However, it is well settled that a contract which violates public policy is void."). And the supreme court's decision in *Lee* does not hold otherwise. *See* 411 S.W.3d at 455 n.10; *see also id.* at 464 n.9 (Guzman, J., concurring).

Therefore, because Section 153.0071(e) does not require a court to enter judgment on an MSA containing a void venue provision, Section 153.0071(e) does not provide a statutory basis for disregarding the mandatory venue rule at Section 155.201(b).[5] The trial court therefore abused its discretion by denying Lovell-Osburn's

---

[5] We express no opinion regarding whether the inclusion of the void venue provision in the parties' MSA renders the entire MSA void and unenforceable.

motion to transfer venue to Burleson County in accordance with Section 155.201(b). *See Compton*, 185 S.W.3d at 531.[6]

## V. CONCLUSION

Venue of the underlying proceedings is mandatory in Burleson County pursuant to Section 155.201(b) of the Texas Family Code. The trial court had a ministerial duty to transfer venue to that county. We therefore conditionally grant relator's petition for writ of mandamus, and direct the trial court to vacate its order dated May 9, 2014 denying relator's motion to transfer venue to Burleson County and to enter an order granting the same. We are confident that the respondent will act in accordance with this opinion. The writ will issue only if the trial court fails to do so.

/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Jamison, and McCally. (Jamison, J., dissenting).

---

[6] Martin also argues in his response that Lovell-Osburn waived her right to transfer venue to Burleson County under Section 155.201(b) by her conduct in agreeing to the venue provision of the MSA. But this argument cannot be reconciled with the supreme court's holding in *Leonard* that the mandatory venue provision now at Section 155.201(b) cannot be negated by contract. 654 S.W.2d at 441–42; *see also Calderon*, 96 S.W.3d at 719–20. In support of his argument, Martin relies on the decision in *Huey v. Huey*, 200 S.W.3d 851 (Tex. App.—Dallas 2006, no pet.). That case is distinguishable. *Huey* involved a circumstance where a mother moved her children to Howard County in direct contravention of the geographic restriction in the parties' divorce decree, and then afterwards attempted to invoke the mandatory venue provision at Section 155.201(b) to transfer the SAPCR to that county. 200 S.W.3d at 852–53. The court concluded that the mother forfeited her right by her intentional disregard and violation of a judicial decree. *Id.* at 853. By contrast, Lovell-Osburn's move to Burleson County with her minor child was expressly authorized by the expanded geographic restriction included in the MSA and the trial court's corresponding order.

12