

# NUMBER 13-15-00555-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE C.D.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion Per Curiam[1]**

Relator, C.D., seeks a petition for writ of mandamus directing the trial court to transfer the underlying proceedings involving a suit affecting the parent-child relationship and for the dissolution of a marriage to Tarrant County, Texas.[2]

"Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal." *In re Frank Motor Co.*, 361 S.W.3d 628, 630 (Tex. 2012)

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator filed this petition for writ of mandamus under the style "*In the Interest of K.P., Minor Child*," however, we have corrected the style of this original proceeding in order to comply with the appellate rules. *See generally* TEX. R. APP. P. 52.1.

(orig. proceeding); *see In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.*, 328 S.W.3d at 888; *Walke*r, 827 S.W.2d at 840. In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co.*, 148 S.W.3d at 135–36. However, "[a]n erroneous denial of a mandatory venue transfer is subject to mandamus relief without a showing of an inadequate remedy by appeal." *In re Lovell-Osburn*, 448 S.W.3d 616, 618-19 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding); *In re Compton*, 185 S.W.3d 526, 527 (Tex. App—Houston [14th Dist.] 2006, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met her burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *see, e.g., Anderson v. Anderson*, 282 S.W.3d 150, 155 (Tex. App.—El Paso 2009, no pet.); *Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex. App.—Dallas 2008, no pet.); *Lindsey v. Lindsey*, 564 S.W.2d 143, 145 (Tex. Civ. App.—Austin 1978, no writ). Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
25th day of November, 2015.