**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed January 4, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00760-CV**

---

**IN RE CAILYN AERIAL ANDERSON, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**245th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-85958**

---

## MEMORANDUM OPINION

On Thursday, October 19, 2023, relator Cailyn Aerial Anderson filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Angela M. Lancelin, presiding judge of the 245th District Court of

Harris County, to (1) vacate an order denying a motion to transfer venue from Harris County to Brazoria County and (2) transfer the suit to Brazoria County. We conditionally grant the petition for writ of mandamus.

## BACKGROUND

Relator Cailyn Anderson ("Mother") and Real-Party-In-Interest Christopher Wolman ("Father") are parents to a five-year-old girl, C.A. Mother and Father entered a mediated settlement agreement in April of 2020, which established custody of C.A. The mediated settlement agreement appointed Mother and Father as joint managing conservators. It gave Mother the exclusive right to designate the primary residence for C.A. It specified that the residence must be within Harris County, Texas or counties contiguous to Harris County, Texas. The trial court entered a final judgment on an order for a suit affecting the parent child relationship integrating this agreement in November of 2020.

Father filed a petition to modify the parent-child relationship on August 21, 2023. Mother was not served the petition and accompanying citation until August 31, 2023. Mother filed an answer and motion to transfer venue from Harris County to Brazoria County on September. 19, 2023. Father filed an affidavit contravening the motion to transfer on September 25, 2023. The same day, a notice of hearing on the motion to transfer was docketed.

On October 13, 2023, the trial court denied the motion to transfer venue. The court noted its reasoning on the docket sheet:

2

Counsel for R appeared, Movant appeared Pro Se. Motion to Transfer denied as R ( per testimony of Atty) resided in Brazoria County at the time of the original order was signed and has not moved. Underlying order provided for Harris and Contiguous.

## STANDARD OF REVIEW

Generally, to obtain mandamus relief, the relator must show that the trial court clearly abused its discretion, and the relator has no adequate remedy by appeal. *In re Nabors*, 276 S.W.3d 190, 193 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). However, "'[a]n erroneous denial of a mandatory venue transfer is subject to mandamus relief without a showing of an inadequate remedy by appeal.'" *In re Lovell-Osburn*, 448 S.W.3d 616, 618 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). (quoting *In re Compton,* 185 S.W.3d 526, 527 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding).

Therefore, a party needs to demonstrate an abuse of discretion by the trial court to be entitled to mandamus relief. *Id.* at 619. A trial court abuses its discretion if it: (1) reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law; (2) clearly fails to correctly analyze or apply the law; or (3) acts without reference to any guiding rules or principles. *Id.*

A trial court has no discretion in determining what the law is or applying the law to facts. *Nabors*, 276 S.W.3d at 193. The transfer of a suit affecting the child-parent relationship to a county where the child has resided for more than six

3

months is a mandatory ministerial duty. *Id.* Therefore, a writ of mandamus is available to compel the mandatory transfer of a suit affecting the parent-child relationship. *Id.* As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *Lovell-Osburn*, 448 S.W.3d at 619.

## ANALYSIS

Mother argues the trial court abused its discretion when it denied the motion to transfer venue from Harris County to Brazoria County because C.A. had lived in Brazoria County for six months. She filed a mandamus asking this court to compel the trial court to vacate its order denying the motion to transfer venue and transfer the suit to Brazoria County. This court requested a response from Father to Mother's writ of mandamus. On December 12, 2023, Father responded that he was "withdrawing his opposition to the mandatory transfer in the above cause."

## VENUE

If an action to modify or enforce an order is filed with the court having continuing, exclusive jurisdiction of a suit, then on the timely motion of a party, the court shall transfer the proceeding to the county in which the child has resided for six months or longer. Tex. Fam. Code Ann. § 155.201(b); *In re Compton*, 185 S.W.3d 526, 527 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Texas courts have long held that section 155.201(b) is a mandatory venue provision, and, consequently, a trial court has a ministerial duty to transfer venue when the statutory terms are satisfied. Tex. Fam. Code Ann. § 155.201(b); *Lovell-Osburn*, 448 S.W.3d at 620.

4

Thus, there are two elements required to trigger a mandatory venue transfer under Tex. Fam. Code Ann. § 155.201(b). First, the party must demonstrate the child has resided in the county they seek to transfer the case to, for six months. Tex. Fam. Code Ann. § 155.201(b). Second, the motion must be timely. Tex. Fam. Code Ann. § 155.201(b).

> If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer. Tex. Fam. Code Ann. §155.201(b)

We examine both requirements in turn:

***Residency requirement*** To satisfy the first statutory requirement of section155.201(b), a party must demonstrate the child has resided in the county to which she seeks the transfer for six months. Tex. Fam. Code Ann. § 155.201(b). To determine which county the child has resided, "the court may not require that the period of residence be continuous and uninterrupted but shall look to the child's principal residence during the six-month period preceding the commencement of the suit." Tex. Fam. Code Ann. § 155.203; *Nabors*, 276 S.W.3d at 196-99.

Here, Mother has demonstrated that C.A. has lived in Brazoria County for the six months preceding the start of the suit, filed on August 21, 2023, through a lease agreement that showed Mother lived in Brazoria County between May of 2020 and September of 2023. Further, the trial court determined during the October 13 hearing on the venue transfer that Mother lived in Brazoria County at

the time the original order in the suit affecting the parent-child relationship was signed and had not moved. Thus, Mother meets the first statutory requirement for a mandatory venue transfer from Harris County to Brazoria County under section 155.201(b), because she has demonstrated C.A. has lived in Brazoria County for six months preceding the commencement of the suit.

But to trigger a mandatory venue transfer under section 155.201(b) Mother must also meet the second statutory requirement for a mandatory transfer, and show her motion was timely.

***Timely motion*** Such a motion to transfer (by a party other than a petitioner or movant) is timely if made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit (the "answer date") or before the commencement of the *hearing,* whichever is sooner. Tex. Fam. Code Ann. § 155.204(b); *In re Compton*, 185 S.W.3d 526, 527-28 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding).

Here, Mother is the non-moving party becauseFather filed the petition to modify the parent-child relationship. She was served with the citation of the suit to modify the parent-child relationship on August 31. She filed her motion to transfer on September 19. Thus, she timely filed the motion to transfer because September 19 is before the first Monday after the 20th day after the service of citation.. Mother met the second statutory requirement of a mandatory venue transfer because her motion was filed timely.

We conclude that, grounds for a mandatory transfer existed, as: (1) Mother showed C.A. lived in Brazoria County for the six months preceding the August 2023 suit to modify and (2) Mother's motion was timely. Thus, the motion to transfer venue is mandatory because Mother met the statutory requirements of Tex. Fam. Code Ann. § 155.201(b). We conditionally grant the petition for writ of mandamus. We direct the trial court to vacate its order denying the motion to transfer and to transfer the suit to Brazoria County. Our writ of mandamus will only issue if the trial court fails to comply.

PER CURIAM

Panel consists of Justices Bourliot, Hassan, and Poissant.